**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott M. McNair, | ) No. CV-03-2119-PHX-NVW |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| County of Maricopa, et al., | ) |
| Defendants. | ) |

The Court has before it Plaintiff's ("McNair") Motion to Compel Separation of the Parties, Doc. #44, McNair's Motion to Compel Disclosure of Witness Information, Doc. #45, and McNair's Motion to Compel Withdrawal of Counsel Brenden and Request for Sanction, Doc. #43.

**I.    Motion to Compel Separation of Parties**

Maricopa County established The Restated Declaration of Trust for Maricopa County pursuant to A.R.S. § 11-981, which allows for certain governing bodies to create trust funds and secure insurance to protect them against successful law claims. Maricopa County's trust instrument "provides for insurance for county employees against liability for acts or omissions of any nature while acting in authorized governmental or proprietary capacities and in the course and scope of employment or authorization . . . ." Doc. #50 at 2.   In

1 addition, the trust directs the Maricopa County Attorney's Office to provide for the defense of claims for liability against the county and its employees. *Id.*

McNair's argument that the defendants violated Title I and Title VII of the Civil Rights Act and therefore were necessarily not acting within the course and scope of their employment is conclusory and incorrect. Courts have recognized that employees can act within the course and scope of their employment while still violating the law. *See Scott v. Allstate Ins. Co.*, 27 Ariz.App. 236, 239, 553 P.2d 1221, 1224 (Ariz. Ct. App. 1976) (providing an expansive definition of when an employee is acting within the course and scope of employment). McNair has not provided any facts or legal arguments to support his argument that the defendants were not acting within the scope and course of their employment. Therefore, the court denies McNair's motion to compel separation of the parties.

**II.     Motion to Compel Withdrawal of Counsel Daniel Brenden and Request for Sanction**

Plaintiff asserts that Defense Counsel Daniel Brenden should be forced to withdraw from his representation of Maricopa County because he may be called as a witness in violation of the Arizona ethical rules. *See* 17A A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 3.7 ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . ."). However, "[a] party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Sec. Gen. Life Ins. Co. v. Super. Ct. in and for Yuma County*, 149 Ariz. 332, 335, 718 P.2d 985, 988 (Ariz. 1986). The court further stated that "a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated and, that the evidence is unobtainable elsewhere[]." *Id.* McNair has not made such a showing. He has not demonstrated that Brenden has any evidence that is "unobtainable elsewhere." Therefore, the court denies McNair's motion to compel withdrawal of Brenden.

### III. Plaintiff's Motion to Compel Disclosure of Witness Information

McNair asks the Court to compel the defendants to release contact information about McNair's witnesses. The Court issued a Case Management Order, Doc. #27, on June 23, 2004, specifying that all factual discovery be completed by February 28, 2005. In addition, all requests for interrogatories, requests for production of documents, and requests for admissions shall be served at least forty-five days before February 28th. On March 15, 2005, sixty days after the deadline for written discovery, McNair asked the defendants to provide him with contact information for witnesses that he planned to call at trial.

"A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." F. R. Civ. P. 16(b). The Ninth Circuit has held that the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)("If that party was not diligent, the inquiry should end."). McNair has not provided a reason for why he missed the discovery deadline nor has he demonstrated that he diligently attempted to comply with the court's scheduling order. Therefore, this court, in its discretion, denies McNair's motion to compel disclosure.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Separation of Parties, Doc. #44, is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Withdrawal of Counsel Daniel Brenden and Request for Sanction, Doc. #43, is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Disclosure of Witness Information, Doc. #45, is denied.

DATED this 26th day of October, 2005.

_____
Neil V. Wake
United States District Judge